IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JIMMY MAMOTH, JR.                           §
                                            §
                Petitioner,                 §
                                            §
VS.                                         §
                                            §    NO. 3-05-CV-0771-L
DOUGLAS DRETKE, Director                    §
Texas Department of Criminal Justice,       §
Correctional Institutions Division,         §
                                            §
                Respondent.                 §

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Jimmy Mamoth, Jr., appearing *pro se*, has filed an application for writ of habeas

corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner was charged by indictment with aggravated robbery. Pursuant to a plea agreement

with the state, petitioner pled guilty to the lesser-included offense of robbery. Punishment, enhanced

by a prior felony conviction, was assessed at 15 years confinement. No appeal was taken. Instead,

petitioner challenged his conviction and sentence in an application for state post-conviction relief.

The application was denied without written order. *Ex Parte Mamoth*, No. 25,137-14 (Tex. Crim.

App. Apr. 6, 2005). Petitioner then filed this action in federal court.

II.

In four grounds for relief, petitioner contends that: (1) his guilty plea was involuntary; (2)

he received ineffective assistance of counsel; (3) the trial court failed to rule on his motion to

suppress; and (4) the state habeas court denied his writ without conducting an evidentiary hearing.

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).  An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*., 120 S.Ct. at 1523; *see also Pondexter v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2160 (2004).  Stated differently, "a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003), *quoting Lockyer v. Andrade*, 538 U.S. 63, 76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).

With respect to mixed questions of fact and law, a federal habeas court must give deference to state court findings unless they are "based on an unreasonable determination of the facts in light

of the evidence presented in the state court proceeding." *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.), *cert. denied*, 121 S.Ct. 508 (2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

B.

Petitioner first contends that his guilty plea was involuntary because his attorney failed to conclude a suppression hearing, thereby denying him a full and fair opportunity to challenge evidence seized during an illegal search.[1]

1.

A trial judge is required to ensure that a guilty plea is knowing and voluntary. *See James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). A defendant must "[have] a full understanding of what the plea connotes and of its consequence." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991), *cert. denied*, 112 S.Ct. 1678 (1992), *quoting Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969). This constitutional inquiry focuses on three core concerns: (1) the absence of coercion; (2) an understanding of the charges; and (3) a realistic understanding of the consequences of the guilty plea. *United States v. Bernal*, 861 F.2d 434, 436 (5th Cir. 1988), *cert. denied*, 110 S.Ct. 203 (1989). These core concerns are addressed by the admonishments contained in Tex. Code Crim. Proc. Ann. art. 26.13.[2]

---

[1] Petitioner filed a motion to suppress certain evidence seized during an inventory search of his vehicle. After the state presented evidence at a suppression hearing, defense counsel asked for a continuance due to the unavailability of a police officer. (Supp. Hrg. Tr. at 68). The trial judge granted the continuance and took the motion under advisement "awaiting the opportunity for the witness and the evidence to arrive[.]" (*Id.*). Petitioner pled guilty to the lesser-included offense of robbery before the trial court ruled on the suppression motion.

[2] The Fifth Circuit has held that the admonishments under Fed. R. Crim. P. 11 provide "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *United States v. Gracia*, 983 F.2d 625, 627 (5th Cir. 1993). The requirements of Rule 11 and article 26.13 are substantially similar. *Compare* FED. R. CRIM. P. 11 *with* TEX. CODE CRIM. PROC. ANN. art. 26.13. It therefore follows that the same "prophylactic protections" attach to the admonishments under article 26.13. *See also Kelch v. Cockrell*, 2002 WL 31455548 at *2 n.1 (N.D. Tex. Oct. 31, 2002).

2.

The record shows that petitioner was properly admonished in accordance with article 26.13. He signed a judicial confession, a stipulation of evidence, and written waivers acknowledging the nature of the charges against him and the range of punishment.  Petitioner also was admonished in open court at a hearing held on July 18, 2002.  The trial judge advised petitioner that the range of punishment for second-degree robbery, enhanced by a prior felony conviction, was not less than five years nor more than 99 years or life imprisonment.  (Plea Hrg. Tr. at 8-9).  Petitioner said that he understood his rights and the plea documents, read the indictment, and discussed the facts of the case with his lawyer.  (*Id.* at 6-9).  When asked by the judge if he was pleading guilty to the lesser-included offense of robbery and the enhancement paragraph as alleged in the indictment, petitioner responded, "Yes, Your Honor."  (*Id.* at 9).  Petitioner further testified that his attorney had done everything asked of him and said he was satisfied with his representation.  (*Id.* at 12).  Based on this testimony, the trial judge found petitioner guilty of robbery and sentenced him to 15 years imprisonment.  (*Id.* at 12-13).

Petitioner now contends that his plea was involuntary because his attorney never concluded the suppression hearing.  In rejecting this claim on collateral review, the state habeas court implicitly found that petitioner's guilty plea was knowing and voluntary.  This finding is conclusive in a subsequent federal habeas proceeding unless rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002) (presumption of correctness applies to both explicit and implicit findings necessary to state court's conclusions of mixed law and fact).  Petitioner has failed to offer any evidence, much less clear and convincing evidence, to rebut the state court findings.  Consequently, this ground for relief should be overruled.

C.

Next, petitioner contends that he received ineffective assistance of counsel because his attorney failed to preserve his right to appeal.  This claim is patently frivolous.  Because petitioner pled guilty and the punishment imposed did not exceed the sentence recommended by the prosecutor and agreed to by the defense, the right to appeal was limited to those matters that were raised by written motion and ruled on before trial.  *See* TEX. R. APP. P. 25.2(a)(2).  Here, the trial court never ruled on petitioner's motion to suppress.  Nor was petitioner's guilty plea conditioned on the outcome of that motion.  Under these circumstances, there was nothing to appeal.

D.

Petitioner further argues that the trial court abused its discretion by not ruling on his motion to suppress.  This claim fails for two reasons.  First, to the extent petitioner maintains that state law required the judge to rule on his motion, such a claim is not cognizable in a federal habeas proceeding.  *See Jackson v. Johnson*, 194 F.3d 641, 656 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1437 (2000) (state law issues, such as the misapplication of state procedural rules, are not cognizable in a federal habeas proceeding unless the error is "so extreme as to result in a denial of a constitutionally fair [trial]").  Second, a voluntary guilty plea waives all non-jurisdictional defects that do not implicate the validity of the plea itself.  *See Tollett v. Henderson*, 411 U.S. 258, 265, 93 S.Ct. 1602, 1607, 36 L.Ed.2d 235 (1973).  The court has already determined that petitioner's guilty plea was not rendered involuntary by the trial court's failure to conclude the suppression hearing. Therefore, this ground for relief should be overruled.

E.

Finally, petitioner contends that he was denied due process because the state habeas court failed to conduct an evidentiary hearing.  The Fifth Circuit has repeatedly held that defects in a state

habeas proceeding are not cognizable under 28 U.S.C. § 2254. *See, e.g. Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir.), *cert. denied*, 122 S.Ct. 477 (2001) (noting long line of cases dictating that infirmities in state habeas proceedings do not warrant federal habeas relief). This ground for relief is without merit and should be overruled.

### **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 18, 2005.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE